IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BRIAN CLAY NORBERG,                               Civil No. 06-440-HU

       Petitioner,                         FINDINGS AND RECOMMENDATION

  v.

SHARON BLACKETTER,

       Respondent.


TODD H. GROVER
143 S.W. Shevlin-Hixon Dr.
Suite 203
Bend, OR  97702

       Attorney for Petitioner

    HARDY MYERS
    Attorney General
    JONATHAN W. DIEHL
    Assistant Attorney General
    Oregon Department of Justice
    1162 Court Street, NE
    Salem, OR  97301

       Attorneys for Respondent

  1 - FINDINGS AND RECOMMENDATION

HUBEL, Magistrate Judge.

Petitioner, serving a 120-month term of post-prison supervision, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 and challenges the legality of his 2001 conviction. For the reasons set forth below, the Second Amended Petition for Writ of Habeas Corpus (#31) should be denied and this proceeding dismissed.

## BACKGROUND

In December, 1999, Petitioner was indicted on one count of Sexual Abuse in the First Degree as the result of an incident involving his daughter. (Respt.'s Ex. 102.) Following a trial by jury at which he testified in his own defense, Petitioner was found guilty and sentenced under Measure 11 to 75 months imprisonment and 120 months post-prison supervision.[1] Petitioner is presently on post-prison supervision. (Second Amended Pet., #31, 2.)

Petitioner directly appealed his conviction raising as error three instances of the trial court failing to redact video taped statements - two statements by the victim and certain statements Petitioner made during police interrogation. (*Id*.) The Oregon Court of Appeals affirmed without opinion and the Oregon Supreme

---

[1]Oregon's mandatory sentencing statute, Or. Rev. Stat. § 137.700, is known as Measure 11, its voter initiative designation.

2 - FINDINGS AND RECOMMENDATION

Court denied review. *State v. Norberg*, 189 Or. App. 336, 75 P.3d 921 (2003), *rev. denied* 336 Or. 377, 84 P.3d 1081 (2004).

On, or about April 20, 2004, Petitioner filed a *pro se* petition for post-conviction relief ("PCR") in Umatilla County Circuit Court raising claims of ineffective assistance of trial and appellate counsel, and claims of prosecutorial misconduct. (Petr.'s Ex. 1, 3-4.) On August 18, 2004, Petitioner filed a Formal Petition for Post-Conviction Relief raising nine claims of ineffective assistance of trial counsel and one claim of ineffective assistance of appellate counsel. (Respt.'s Ex. 109.) On January 13, 2005, in a General Judgment, the PCR trial court denied relief, finding Petitioner had not met his burden of proof. (Respt.'s Ex. 120.) Petitioner appealed, but on December 1, 2005, the Oregon Court of Appeals granted the State's Motion for Summary Affirmance and on February 14, 2006, the Oregon Supreme Court denied review. (Respt.'s Exs. 123, 125.)

In this habeas action, Petitioner raises three types of claims. He alleges: (A) prosecutorial misconduct, (B) ineffective assistance of trial counsel, and (C) ineffective assistance of appellate counsel. Respondent argues that, with the exception of Claim B(6), Petitioner's claims are unexhausted and procedurally defaulted. (Response, #43, 9-12.) As to Claim B(6), Respondent asserts the state court decision denying relief

3 - FINDINGS AND RECOMMENDATION

is entitled to deference under the Antiterrorism and Effective Death Penalty Act (AEDPA) and habeas relief should be denied. (*Id*. at 13-14.)

Petitioner concedes that he failed to raise all but Claim B(6) to all available levels of the state court. (Petr.'s Reply, #49, 2, 4-8.) However, he urges the court to extend the miscarriage of justice exception for excusing procedural default to this action because "dismissal of [the] prosecutorial misconduct and related claims on procedural grounds would result in a fundamental miscarriage of justice . . . ." (*Id*. at 4.)

## DISCUSSION

I. <u>Exhaustion and Procedural Default</u>

A. Standards

Generally, before a federal court may consider a petition for habeas relief pursuant to 28 U.S.C. § 2254, a state prisoner must have exhausted all available state court remedies through a direct appeal or through collateral proceedings. *See* 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) (state courts must have an opportunity to act on claims before they are presented in a habeas petition). The exhaustion requirement is satisfied when federal claims have been fairly presented to the state's highest court as a federal question. *Duncan v. Henry*, 513 U.S. 364, 366 (1995); *Castillo v. McFadden*,

4 - FINDINGS AND RECOMMENDATION

370 F.3d 882, 886 (9th Cir. 2004). The proper factual and legal basis for the claim must be presented to the state court. *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005); *Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999).

If a petitioner has not "fairly presented" his federal claims in state courts, and can no longer do so under state law, then the petitioner's state-court remedies are technically exhausted. *Coleman v. Thompson*, 501 U.S. 722, 732 (1991); *Johnson v. Zenon,* 88 F.3d 828, 829 (9th Cir. 1996). When state-court remedies are "technically exhausted" they are also "procedurally defaulted" because the state court has not had an opportunity to hear the claims before the federal court considers them. *O'Sullivan,* 526 U.S. at 842. In Oregon, the Oregon Supreme Court is the highest state court with jurisdiction to hear post-conviction claims in satisfaction of the exhaustion requirement. *See* Or. Rev. Stat. § 138.650 (2005).

Federal habeas review of procedurally defaulted claims is precluded unless the prisoner can show both "cause" for the procedural default and actual prejudice, unless the prisoner demonstrates that failure to consider the claims will result in a fundamental miscarriage of justice. *Edwards v. Carpenter,* 529 U.S. 446, 451 (2000); *Coleman*, 501 U.S. at 750. In the habeas context, the fundamental miscarriage of justice exception to

5 - FINDINGS AND RECOMMENDATION

procedural default is reserved for extraordinary cases and is tied to a petitioner's innocence. *Schlup v. Delo*, 513 U.S. 298, 321 (1995) ("To ensure that a fundamental miscarriage of justice exception would remain 'rare' and would only be applied in the 'extraordinary case,' . . . this court explicitly tied the miscarriage of justice exception to the petitioner's innocence."); *Murray v. Carrier*, 477 U.S. 478, 496 (1986) (for extraordinary cases "where a constitutional violation has probably resulted in the conviction of one who is actually innocent.")  A petitioner must present *credible evidence* of his factual innocence.  *Schlup*, 513 U.S. at 327-29; *Calderon v. Thomspon*, 523 U.S. 538, 559 (1998).  "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Schlup*, 513 U.S. at 316.

Although Petitioner invites the court to extend the miscarriage of justice exception to procedural default beyond the Supreme Court's actual innocence case law, the court finds no sound legal basis to so.  Accordingly, habeas relief as to all of Petitioner's claims, except Claim B(6), is precluded.

/ / /

/ / /

6 - FINDINGS AND RECOMMENDATION

II.  The Merits

    A.  Standards and Scope of Review under § 2254.

        Under 28 U.S.C. § 2254 (d):

> "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or
>
> 2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

In *Williams v. Taylor*, 529 U.S. 362 (2000), the Supreme Court construed this provision as requiring federal judges to "attend with the utmost care to state court decisions, including all of the reasons supporting their decisions, before concluding that those proceedings were infected by constitutional error sufficiently serious to warrant the issuance of the writ." *Id.* at 386. "We all agree that state court judgments must be upheld unless, after the closest examination of the state court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." *Id.* at 389.

   7 - FINDINGS AND RECOMMENDATION

"'Clearly established Federal law' is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision. "*Lambert v. Blodgett*, 393 F.3d 943, 974 (9th Cir. 2004) *cert. denied*, 126 S. Ct. 484 (2005). A state court decision is "contrary to" clearly established Federal law if it is "in conflict with", "opposite to" or "diametrically different from" Supreme Court precedent. *Williams,* 529 U.S. at 388.

An "unreasonable application" of clearly established Supreme Court law occurs when "the state court identifies the correct governing legal principle [ ] but unreasonably applies that principle to the facts of the [ ] case." *Lambert* at 974 (citing *Williams*.) The state court's application of law must be *objectively unreasonable*. *Id.* (emphasis added). "Under §2254(d)'s 'unreasonable application' clause, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state court decision applied [the law] incorrectly. Rather, it is the habeas applicant's burden to show that the state court applied [the law] to the facts of his case in an objectively unreasonable manner." *Woodford v. Visciotti*, 537 U.S. 19, 24-25 (2002), *reh'g denied*, 537 U.S. 1149 (2003) (internal citations omitted).

8 - FINDINGS AND RECOMMENDATION

When a state court does not supply the reasoning for its decision, a federal court does an independent review of the record to determine whether the state court decision was objectively unreasonable. *Delgado v. Lewis*, 223 F.3d 982 (9th Cir. 2000). If the federal court does not find that the state court decision was objectively unreasonable, deference is given to the state court decision and habeas relief is denied. *Id*. at 981-82; *see also Williams*, 529 U.S. at 386-89.

B.  Claim B(6)

Petitioner alleges he received ineffective assistance of trial counsel when counsel failed to call Dean Evans to testify on his behalf, (Second Amended Petition, #31, 13), and he argues the state PCR court decision denying relief on this claim was an unreasonable application of Supreme Court precedent. (Reply, #49, 2, 9, 13.) Based on an independent review of the record, I disagree.

The controlling legal principles for evaluating claims of ineffective assistance of counsel were articulated by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Unites States v. Gonzalez-Lopez,* 548 U.S. 140, 144-47 (2006), *Frierson v. Woodford,* 463 F.3d 982, 988 (9th Cir. 2006), *Reynoso v. Giurbino*, 462 F.3d 1099, 1102 (9th Cir. 2006). A claim of ineffective assistance of counsel requires a petitioner to prove

9 - FINDINGS AND RECOMMENDATION

that counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Bell v. Cone*, 535 U.S. 685, 695 (2002); *Strickland*, 466 U.S. at 687-88. The petitioner must (1) identify the acts or omissions of counsel that form the basis for his claim and (2) show how the acts or omissions prejudiced his case. *Strickland* at 690.

In support of Claim B(6), Petitioner filed a motion with this court to expand the record to include an affidavit by Mr. Evans, attesting to Petitioner's credibility. (#36.) This court denied Petitioner's motion, (#50), and, although Petitioner contends the affidavit was introduced to the PCR trial court, (Reply, #49, 13), the PCR trial transcript shows the PCR court rejected the offer of the affidavit because it was untimely. (Respt.'s Ex. 119, 4.) Thus, Mr. Evans' affidavit was not before the PCR trial court, nor is it before this court.

In his PCR deposition, Petitioner described the value of Mr. Evans' testimony as follows:

> "[Mr. Evans] had lived with the victim's mother and victim for about a year. And he was going to testify to some of the allegations, basically of how they were, and that you know, anything of – you know, strange lies or anything that they have ever told you, to him, while he was with them."

10 - FINDINGS AND RECOMMENDATION

(Respt.'s Ex. 116, 18.)  He went on to say that Mr. Evans met with trial counsel prior to trial and was available to testify, but that counsel told Mr. Evans he wasn't needed because they had the case "in the bag."  (*Id*. at 19-20.)  Petitioner presented no further evidence to support his claim that counsel was ineffective for failing to call Mr. Evans.

In an affidavit to the PCR trial court, trial counsel stated:

> "I met previously to the trial with Dean Evans in my office.  I don't specifically recall the meeting, but my notes indicate that it occurred on February 20, 2001.  After meeting with him, I'm sure I determined, whether, in my professional opinion, Dean Evans was a witness who would be beneficial to petitioner's defense."

(Respt.'s Ex. 117, 2.)  Counsel also adamantly denied having told Petitioner "we didn't need [Mr. Evans], we had this in the bag," calling it "preposterous and an outright and untruthful statement from petitioner . . . ."  (*Id*.)

The PCR trial court denied Petitioner relief on the basis Petitioner did not sustain his burden of proof.  (Respt.'s Ex. 120.)  Based on the record and the evidence before the PCR trial court, I do not find the state court decision denying Petitioner relief on Claim B(6) to be contrary to or an unreasonable application of *Strickland* because Petitioner did not show counsel's failure to call Mr. Evans fell below an objective

11 - FINDINGS AND RECOMMENDATION

standard of reasonableness or that Petitioner was prejudiced as a result of his not being called. Deference should, therefore, be given to the state court decision and habeas relief denied.

## CONCLUSION

For the reasons stated above, the Second Amended Petition for Writ of Habeas Corpus (#31) should be denied and this action dismissed.

## SCHEDULING ORDER

The above Findings and Recommendation are referred to a United States District Judge for review. Objections, if any, are due November 28, 2008. If no objections are filed, the Findings and Recommendation will go under advisement on that date.

If objections are filed, a response to the objections is due December 12, 2008, and the review of the Findings and Recommendation will go under advisement on that date.

DATED this __12th__ day of November, 2008.

/s/ Dennis J. Hubel

Dennis J. Hubel
United States Magistrate Judge